1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINUS EKENE, | No.  2:24-CV-0159-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| J. MARQUINA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion regarding authorization for service of his retaliation claim.  See ECF No. 15.

Plaintiff initiated this action with a pro se complaint filed in January 2024.  See ECF No. 1.  On April 15, 2024, the Court authorized service of the complaint on all named defendants.  See ECF No. 8.  Regarding Plaintiff's complaint, the Court stated as follows:

> Plaintiff names the following as defendants: (1) J. Marquina, (2) C. Hearn, and (3) D. Webb.  ECF No. 1 at 2.  At the times alleged, all three defendants were correctional officers at Mule Creek State Prison (MCSP).  Id.
> On January 16, 2021, Defendant Marquina threw a bar of soap and a roll of toilet paper at Plaintiff.  Id. at 6.  The force of the bar of soap hitting his left eye and caused it to swell and turn red.  Id.  When Plaintiff showed Defendant Marquina his swollen eye, Defendant Marquina told Plaintiff he was tired of Plaintiff "writing 602's."  Id.  Plaintiff claims that Defendant Marquina "used excessive and unnecessary force on [him]."  Id.

1

On March 18, 2021, Plaintiff saw Defendants Marquina and Hearn tear and throw his mail into a trash bin. Id. When Plaintiff confronted Defendants Marquina and Hearn by threatening to file a 602 against them, Defendant Marquina told him "I will have my porters beat you up" and "I want you to move out of this building. Id. Porters apparently are inmates who threaten and attack other inmates on behalf and at the direction of correctional staff. See ECF No. 1 at 6-7.

Approximately forty-five minutes later, Defendant Webb opened Plaintiff's cell and let a porter enter and attack him by punching his face, chest, and stomach. Id. at 6-7. As he was attacking him, the porter told Plaintiff that Defendants Marquina and Hearn sent him to attack Plaintiff because he was submitting several 602 forms and wanted him to move out of the building. Id. at 7. Plaintiff alleges that Defendants Marquina, Hearn, and Webb conspired to have the porter attack him. Id. at 10.

Plaintiff pushed the porter out of his cell. Id. at 7. At the same time, he heard Defendant Marquina command them to get down. Id. Plaintiff laid down on his stomach with the left side of his face on the floor. Id. Defendant Marquina approached Plaintiff and sprayed tear gas on the right side of Plaintiff's face. Id. When the canister ran out of tear gas, Defendant Marquina began kicking, stomping, and hitting Plaintiff with a metal baton in the face and torso. Id. As result of the blows from Defendant Marquina, Plaintiff suffered swelling in his lower back, as well as swelling and a cut on his head. Id. Plaintiff also claims that Defendant Hearn was present during the incident and kicked Plaintiff's left rib and arm. Id. at 8.

When Plaintiff was taken to decontamination after the incident, Defendant Marquina told the responding officers to wash the tear gas off Plaintiff's body slowly so that the gas would blister his skin. Id. Plaintiff claims that he felt burning sensations on his skin for a month after the incident. Id. When Plaintiff returned from decontamination, Defendant Marquina told him that "if you don't quit with your 602's bullshit, I will get one of my boys again to give you more ass whopping [sic]." Id.

The Court orders that this case proceed on Plaintiff's complaint as to Plaintiff's Eighth Amendment excessive force claim against Defendants Marquina, Hearn, and Webb.

ECF No. 8 (service order).

Defendants filed an answer responding to Plaintiff's Eighth Amendment claim on July 23, 2024. See ECF No. 18.

In Plaintiff's pending motion for authorization of service of his retaliation claim, Plaintiff asserts that he sufficiently states a First Amendment retaliation claim against all defendants. See ECF No. 15. Having further reviewed the pleadings and prior orders, the Court finds that the complaint also states potentially cognizable retaliation claims against the named defendants. Accordingly, the Court will by this order supplement the prior service order and require Defendants to respond to all claims. The Court will direct Defendants to file either an

2

1 | amended answer or a motion pursuant to Federal Rule of Civil Procedure 12(b)(6).

2 |        Accordingly, IT IS HEREBY ORDERED as follows:

3 |        1.     Plaintiff's motion, ECF No. 15, regarding authorization for service of his

4 | retaliation claim is granted.

5 |        2.     The Court's April 15, 2024, order, ECF No. 8, is supplemented to reflect

6 | that service is also found appropriate on Plaintiff's retaliation claims against the named

7 | defendants.

8 |        3.     Within 30 days of the date of this order, Defendants shall file either an

9 | amended answer to the complaint which responds to Plaintiff's excessive force and retaliation

10 | claims or file a motion pursuant to Federal Rule of Civil Procedure 12(b)(6).

12 | Dated:  August 27, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3